UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida Non Profit Corporation, and DENISE PAYNE, Individually,

Plaintiffs,

vs.

FELCOR LODGING LIMITED PARTNERSHIP, a Delaware Limited Partnership,

Defendant.

Case No.

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiffs, NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida Non Profit Corporation, and, DENISE PAYNE, Individually, on their behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, FELCOR LODGING LIMITED PARTNERSHIP, a Delaware Limited Partnership, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Denise Payne, is an individual residing in Ft. Lauderdale, FL, in the County of Broward.

2. Plaintiff, NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., is a non profit corporation formed under the laws of the State of Florida. NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. maintains its principal office at 1501 NE 12th St., Ft. Lauderdale, FL 33304, in the County of Broward.

3. Defendant's property, Embassy Suites Boca Raton, is located at 661 N.W. 53rd St., Boca Raton, FL 33487, in the County of Palm Beach.

4. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff Denise Payne is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Denise Payne has cerebral palsy and uses a wheelchair to ambulate. Denise Payne has visited the property which forms the basis of this lawsuit and plans to return to the property on June 3, 2012 to avail herself of the goods and services offered to the public at the property, if the premises have been made accessible and the barriers to access have been corrected. The Plaintiff has encountered architectural barriers at the subject property, which barriers to access are explained in paragraph 10. The barriers to access at the property have endangered her safety. The Plaintiff is also a member of the Plaintiff organization, NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., discussed below in paragraph 7.

7. Plaintiff NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from

discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. has also been discriminated against because of its association with its disabled members and their claims.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Embassy Suites Boca Raton, and is located at 661 N.W. 53rd St., Boca Raton, FL 33487.

9. NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. and Denise Payne have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Denise Payne desires to visit Embassy Suites Boca Raton on June 3, 2012 (assuming all ADA violations and barriers to access have been corrected), not only to avail herself of the goods and services available at the property but to assure herself

that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Embassy Suites Boca Raton has shown that violations exist. These violations encountered by Denise Payne include, but are not limited to:

**Parking**

A. There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG.

B. Some of the disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG.

**Entrance Access and Path of Travel**

C. There are curb ramps at the facility that contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG.

D. There are curb ramps at the facility that project into vehicular areas in violation of Section 4.7.6 of the ADAAG.

E. There are ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.8.2 and 4.8.6 of the ADAAG.

F. There are no proper handrails provided for the ramps to the facility, in violation of

Section 4.8.5 of the ADAAG.

G. The ramps do not provide edge protection as prescribed in Section 4.8.7 of the ADAAG.

H. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG.

I. A level landing is not provided at some of the accessible entrances violating Section 4.13.6 of the ADAAG.

J. The clear width and/or maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6 of the ADAAG.

K. There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG.

L. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG.

**Access to Goods and Services**

M. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG.

N. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

O. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

P. The public telephones throughout the facility do not provide the prescribed reach ranges for disabled patrons, in violation of sections of the ADAAG.

Q. The public telephones throughout the facility do not provide the prescribed volume control device for disabled patrons, in violation of Section 4.31.5 of the ADAAG.

R. There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG.

S. There are recreational areas for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG.

T. The lock on pool gate is not accessible.

U. There is no accessible entrance to pool restroom.

V. There is no accessible entrance to pool shower.

W. There is no accessible entrance to Gazebo.

**Restrooms**

X. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG.

Y. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG.

Z. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

AA. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG.

BB. There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG.

CC. There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG.

DD. There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG.

EE. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG.

FF. Some of the restrooms do not provide the required latch side clearance violating the provisions of the ADAAG.

GG. There are showers provided at the facility without elements to facilitate use by the disabled in violation of several section of the ADAAG.

**Accessible Guest Rooms**

HH. There are barriers to access in the guestrooms designated for disabled use in violation of several Sections of the ADAAG.

II. The rooms designated for disabled use provide elements with controls and/or dispensers outside of the required reach ranges violating Sections 4.2 and 9 of the ADAAG.

JJ. The fixtures in the disabled use room have controls that cannot be operated with a closed fist in violation of the ADAAG.

KK. There are areas for storage provided without the prescribed reach ranges in sections of the ADAAG.

LL. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG.

MM. The grab-bars in the restroom provided in the room designated as accessible do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

NN. The bathtub does not provide a seat as required in Section 4.20.3 of the ADAAG.

12. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief

provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendant has discriminated against the individual and the corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the

Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Embassy Suites Boca Raton to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to

require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Lawrence A. Fuller, Esquire
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

By:______________________
Lawrence A. Fuller, Esq. (FBN 180470)

Date: 9/16/11

Counsel for Plaintiffs National Alliance For Accessibility, Inc. and Denise Payne

#4241-Felcor Lodging L.P. Complaint Pkg (CME 8-1-11).wpd