UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 11-81048-CV- Hurley/Hopkins

NATIONAL ALLIANCE FOR
ACCESSIBILITY, INC. and DENISE
PAYNE, individually,

    Plaintiff,

v.

FELCOR LODGING LIMITED
PARTNERSHIP, a Delaware Limited
Partnership,

    Defendant.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant, FELCOR LODGING LIMITED PARTNERSHIP, a Delaware Limited Partnership, hereby answers the Plaintiffs', NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida Non-Profit Corporation, and DENISE PAYNE, Complaint, and states as follows:

1. The Defendant lacks sufficient knowledge and/or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Plaintiffs' Complaint.

2. The Defendant lacks sufficient knowledge and/or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Plaintiffs' Complaint.

3. The Defendant admits the allegations in paragraph 3 of the Plaintiffs' Complaint.

4. Denied. The corresponding paragraph of Plaintiff's Complaint is automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at the time of trial, if material.

5. Denied. The corresponding paragraph of Plaintiff's Complaint is automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at the time of trial, if material.

6. The Defendant lacks sufficient knowledge and/or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Plaintiffs' Complaint.

7. The Defendant lacks sufficient knowledge and/or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Plaintiffs' Complaint.

8. Denied. The corresponding paragraph of Plaintiff's Complaint is automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at the time of trial, if material.

9. The Defendant denies the allegations in paragraph 9 of the Plaintiffs' Complaint.

10. The Defendant denies the allegations in paragraph 10 of the Plaintiffs' Complaint.

11. The Defendant denies the allegations in paragraph 11 of the Plaintiffs' Complaint.

12. The Defendant denies the allegations in paragraph 12 of the Plaintiffs' Complaint.

13. The Defendant denies the allegations in paragraph 13 of the Plaintiffs' Complaint.

14. The Defendant denies the allegations in paragraph 14 of the Plaintiffs' Complaint.

15. The Defendant denies the allegations in paragraph 15 of the Plaintiffs' Complaint.

16. Denied. The corresponding paragraph of Plaintiff's Complaint is automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at the time of trial, if material.

17. Denied. The corresponding paragraph of Plaintiff's Complaint is automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at the time of trial, if material.

**WHEREFORE,** the Defendant respectfully requests this Honorable Court to find in its favor and against all other parties.

### AFFIRMATIVE DEFENSES

1. For its first affirmative defense, the Defendant states that the Complaint fails to state a claim upon which relief may be granted.

2. For its second affirmative defense, the Defendant states that facilities, modifications or accommodations which are readily achievable to improve access to the property have either been accomplished, are in progress and nearing completion, or are planned for implementation in the near future as a result of pro active, voluntary efforts by Answering Defendant to comply with the ADA.

3. For its third affirmative defense, the Defendant states that to the extent, if any, that the facilities and/or practice or policy modifications identified by Plaintiffs in the Complaint have not been accomplished, the requested modifications would or may fundamentally alter the nature of the property and its attendant services as a public accommodation.

4. For its fourth affirmative defense, the Defendant states that to the extent, if any, that the architectural or other barriers to access to the subject property for persons with disabilities, as alleged in the Complaint, have not been removed, such removal is not readily achievable and would impose an undue burden upon the Defendant.

5. For its fifth affirmative defense, the Defendant states that Plaintiffs lack standing to bring some or all of the claims set forth in the Complaint.

6. For its sixth affirmative defense, the Defendant states that Plaintiffs have waived the claims alleged in the Complaint.

7. For its seventh affirmative defense, the Defendant states that Plaintiffs are estopped to assert the claims alleged in the Complaint.

8.  For its eighth affirmative defense, the Defendant states that Plaintiff has demanded modifications that would result in significant loss of sale and/or serving space and, therefore, such modifications are not readily achievable.

9.  For its ninth affirmative defense, the Defendant states that Plaintiffs have demanded modifications to a facility that are either not readily achievable, structurally impracticable, technically infeasible, or are not required.

10. For its tenth affirmative defense, the Defendant states that Plaintiffs have demanded modifications to a facility that would either create an undue hardship on the Defendant, or that would threaten the health and safety of Plaintiffs or others.

11. For its eleventh affirmative defense, the Defendant states that each of Plaintiffs' causes of action, claims, or items of damage did not accrue within the time prescribed by the law for them before this action was brought.

12. For its twelfth affirmative defense, the Defendant states that prior to the institution of this action, Answering Defendant or the operator had already implemented the removal of any existing barriers pursuant to 28 C.F.R. §36.304 to the extent the removal of said barriers were readily achievable, therefore, Plaintiffs are not entitled to an injunction or attorney's fees.

13. For its thirteenth affirmative defense, the Defendant states that Plaintiffs have demanded modifications that would require the Defendant to fundamentality alter the way it provides its goods and services or would result in an undue burden.

14. For its fourteenth affirmative defense, the Defendant states that to the extent any architectural barriers exist, they are merely technical violations within acceptable conventional building industry tolerances for field conditions and the facilities, when taken as a whole, are compliant with the ADA and its implementing regulations.

15. For its fifteenth affirmative defense, the Defendant states that to the extent the Complaint seeks relief for any area that is the responsibility of another, an indispensable party has not been joined in this action because the allegations of the Complaint may show that the purported violations include facilities that are the responsibility of another and it has not been joined in this action.

16. For its sixteenth affirmative defense, the Defendant states that to the extent some or all of the claims or issues relate to property that is owned, operated or leased by another party, the Defendant is not liable for compliance on property which it does not own, operate or lease.

17. For its seventeenth affirmative defense, the Defendant states that Plaintiffs have failed to exhaust required administrative remedies.

18. For its eighteenth affirmative defense, the Defendant states that Plaintiffs are not entitled to injunctive relief because they have not been irreparably injured.

19. For its nineteenth affirmative defense, the Defendant states that Plaintiffs have failed to mitigate damages when they neglected to provide the Defendant with notice of the deficiencies alleged in the Complaint and an opportunity to cure the deficiencies.

20. For its twentieth affirmative defense, the Defendant states that answering Defendant's receipt of the Building Permit and Certificate of Occupancy is *prima facie* evidence of compliance with the ADA.

21. For its twenty-first affirmative defense, the Defendant states that to the extent that Plaintiffs' Complaint seeks expert witness fees and costs, such relief is not available under the ADA.

22. For its twenty-second affirmative defense, the Defendant states that answering Defendant did not breach any duty which may have been owed to the Plaintiffs in this action.

23. For its twenty-third affirmative defense, the Defendant states that it was not in violation of the Americans with Disabilities Act.

24. For its twenty-fourth affirmative defense, the Defendant states that Denise Payne has no standing to bring suit for any issues that are not particular to her gender and disability.

25. For its twenty-fifth affirmative defense, the Defendant states that it did not engage in discriminatory treatment of the Plaintiffs.

26. For its twenty-sixth affirmative defense, the Defendant states that its premises is accessible to individuals with handicaps.

27. For its twenty-seventh affirmative defense, the Defendant states that Plaintiffs suffered no damages as a result of any of the alleged actions of the Defendant.

28. For its twenty-eighth affirmative defense, the Defendant states that it has acted at all times relevant to the allegations in the Complaint with a good faith belief that it has complied with all applicable statutes and regulation.

29. For its twenty-ninth affirmative defense, the Defendant states that the goods and services offered by the Defendant are available through alternative methods.

30. For its thirtieth affirmative defense, the Defendant states that the Court should not grant Plaintiffs injunctive relief because Plaintiffs have not acted equitably and have "unclean hands." Plaintiffs, among other things and without limitation, filed suit without first making any effort whatsoever to communicate with the Defendant regarding any specific alleged ADA violations.

31. For its thirty-first affirmative defense, the Defendant states that Plaintiffs' claims are barred or subject to reduction by the application of the doctrine of avoidable consequences.

32.   For its thirty-second affirmative defense, the Defendant states that answering Defendant reserves the right to assert additional affirmative defenses as litigation proceeds and Plaintiffs' claims become more clearly articulated.

33.   For its thirty-third affirmative defense, the Defendant states that service of process was insufficient.

34.   For its thirty-fourth affirmative defense, the Defendant states that National Alliance for Accessibility, Inc. has no standing to bring suit.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of November, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

MINTZER, SAROWITZ, ZERIS, LEDVA
& MEYERS, LLP
The Waterford at Blue Lagoon
1000 N.W. 57th Court, Suite 300
Miami, Florida 33126
Phone: (305) 774-9966        Fax: (305) 774-7743
Email: rjavier@defensecounsel.com

By: _____
RAMON E. JAVIER
Florida Bar No. 0194549

## SERVICE LIST

**_Counsel for Plaintiff National Alliance for Accessibility, Inc. and Denise Payne:_**
Lawrence A. Fuller, Esq.
Fuller, Fuller & Associates, P.A.
12000 Biscayne Boulevard
Suite 609
North Miami, FL 33181

Ph:   (305) 891-5199
Fax:  (305) 893-9505
E-mail: lfuller@fullerfuller.com